**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re | ) Chapter 11 |
|  | ) |
| WELLMAN, INC., *et al.*,[1] | ) Case No. 08-10595 (SMB) |
|  | ) Jointly Administered |
| Debtors. | ) |
|  | ) |

### ORDER CONFIRMING WELLMAN'S
### THIRD AMENDED JOINT PLAN OF REORGANIZATION
### (AS MODIFIED) PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

Wellman's Third Amended Joint Plan of Reorganization (As Modified) Pursuant to

Chapter 11 of the Bankruptcy Code, dated January 13, 2009 (attached hereto as Exhibit A, the

"Plan"),[2] having been filed with this Court (the "Court") by Wellman, Inc. ("Wellman") and

certain of its subsidiaries and affiliates, as debtors and debtors in possession (collectively, the

"Debtors," and collectively with the Reorganized Debtors and Wellman Holdings, the "Wellman

Parties"); and the Court having entered, after due notice and a hearing, an order dated November

12, 2008 (the "Disclosure Statement Approval Order") (Docket No. 643), pursuant to sections

105, 502, 1125, 1126 and 1128 of title 11 of the United States Code (as applicable to these cases,

the "Bankruptcy Code") and rules 2002, 3003, 3017 and 3018 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), among other things, (i) approving Wellman's

Third Amended Disclosure Statement, dated November 10, 2008, including all exhibits attached

---

[1]  The Debtors in these cases include: Wellman, Inc; Wellman Fibres Ltd.; MRF, Inc.; Prince, Inc.; Warehouse
    Associates Inc.; Carpet Recycling of Georgia Inc.; Wellman of Mississippi, Inc.; Fiber Industries, Inc.; ALG,
    Inc.; Josdav, Inc.; PTA Resources LLC; and MED Resins, Inc.

[2]  Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to such terms in the
    Plan.

thereto (as amended, the "Disclosure Statement"), (ii) establishing a record date for voting on the Plan, (iii) approving solicitation procedures for distribution thereof, (iv) approving the rights offering procedures, (v) approving the forms of ballots and establishing voting procedures and (vi) scheduling a hearing (the "Confirmation Hearing") and establishing notice and objection procedures in respect of confirmation of the Plan; and the Disclosure Statement having been transmitted to all holders of Claims in Classes 2, 3, and 4 (collectively, the "Voting Classes") as provided for by the Disclosure Statement Approval Order; and the Plan Supplement having been filed on December 6, 2008 and subsequently amended on January 8, 2009, and January 13, 2009, as required by the Plan; and the Confirmation Hearings having been held before the Court on December 19, 2008 and January 12, 2009 after due notice to holders of Claims and Interests and other parties in interest in accordance with the Disclosure Statement, the Disclosure Statement Approval Order, the Bankruptcy Code and the Bankruptcy Rules; and upon all of the proceedings had before the Court, and after full consideration of: (i) each of the objections to confirmation of the Plan (the "Objections"); (ii) the memoranda filed by the Debtors in support of confirmation of the Plan dated January 9, 2009, (Docket No. 764) and the Declarations of Mark J. Ruday (Docket No. 766) and Brandon Aebersold (Docket No. 765) and (iii) the Certification of Alison M. Tearnen of Kurtzman Carson Consultants LLC with Respect to the Tabulation of Votes on Wellman's Third Amended Joint Plan of Reorganization (As Modified) Pursuant to Chapter 11 of the Bankruptcy Code (Docket No. 736) (the "Vote Certification"), and the testimony contained therein and any additional testimony presented to the Court and (iv) all other evidence proffered or adduced at, memoranda and objections filed in connection with and arguments of counsel made at, the Confirmation Hearing; and after due deliberation and sufficient cause appearing therefor,

It hereby is DETERMINED, FOUND, ADJUDGED, DECREED AND ORDERED THAT:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. **SMB 1/14/09** ~~Exclusive~~ Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§ 157(b)(2), 1334(a)). The Court has jurisdiction over the Chapter 11 Cases pursuant to sections 157 and 1334 of title 28 of the United States Code. Venue is proper pursuant to sections 1408 and 1409 of title 28 of the United States Code. Confirmation of the Plan is a core proceeding pursuant to section 157(b)(2)(L) of title 28 of the United States Code, and this Court has **SMB 1/14/09** ~~exclusive~~ jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

2. Judicial Notice. The Court takes judicial notice of the **SMB 1/14/09 contents of the** docket of the Chapter 11 Cases maintained by the Clerk of the Court, including, without limitation, all pleadings and other documents filed and orders entered thereon. **SMB 1/14/09** ~~The Court also takes judicial notice of all evidence proffered or adduced and all arguments made at the hearings held before the Court during the pendency of these Chapter 11 Cases~~.

3. Burden of Proof. The requirements for confirmation set forth in section 1129 of the Bankruptcy Code have been satisfied.

4. The Amended BP Agreement. BP and the Wellman Parties have agreed on the terms of the Amended BP Agreement, which Amended BP Agreement shall become effective on the Effective Date and after the BP executory contracts listed on the List of Executory Contracts and Unexpired Leases (the "Assumed BP Contracts") are assumed by the Debtors. The Debtors' assumption of the Assumed BP Contracts constitutes a waiver of any and all preference actions that may be asserted against BP. The Amended BP Agreement is in form and substance

acceptable to the First Lien Credit Facility Agent, the Informal Second Lien Lender Group and the Plan Sponsor.

## DECREES

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      Confirmation.  The Plan, including all exhibits thereto, is approved in its entirety and confirmed under section 1129 of the Bankruptcy Code.  The terms of the Plan Supplement and each of the documents comprising the Plan Supplement are incorporated by reference into and are an integral part of the Plan and are hereby approved.

2.      Objections.  All objections and all reservations of rights that have not been withdrawn, waived or settled, pertaining to Confirmation of the Plan are overruled on the merits.

3.      Solicitation and Notice.  Notice of the Confirmation Hearing complied with the terms of the Disclosure Statement Approval Order, was appropriate and satisfactory based on the circumstances of the Chapter 11 Cases and was in compliance with the provisions of the Bankruptcy Code and the Bankruptcy Rules.  The solicitation of votes on the Plan complied with the solicitation procedures in the Disclosure Statement Order, was appropriate and satisfactory based upon the circumstances of the Chapter 11 Cases and was in compliance with the provisions of the Bankruptcy Code and the Bankruptcy Rules.  Notice of the Plan Supplement, including amendments thereto, and all related documents, was appropriate and satisfactory based upon the circumstances of the Chapter 11 Cases and was in compliance with the provisions of the Plan, Bankruptcy Code and the Bankruptcy Rules.

4.      Plan Modifications.  Subsequent to filing the Plan on December 24, 2008, the Debtors made certain non-material modifications to the Plan (the "Plan Modifications"), which are reflected in the version of the Plan attached hereto.  Except as provided for by law, contract

or prior order of this Court, none of the modifications made since the commencement of solicitation adversely affects the treatment of any Claim against or Interest in any of the Debtors under the Plan. Prior notice regarding the substance of the modifications, coupled with the filing with the Court of the Plan as modified by the Plan Modifications and the disclosure of the Plan Modifications on the record at the Confirmation Hearing constitute due and sufficient notice thereof. Accordingly, pursuant to section 1127(a) of the Bankruptcy Code and Bankruptcy Rule 3019, none of these modifications require additional disclosure under section 1125 of the Bankruptcy Code or resolicitation of votes under section 1126 of the Bankruptcy Code (especially in light of previously provided disclosures), nor do they require that holders of Claims or Interests be afforded an opportunity to change previously cast acceptances or rejections of the Plan. The Plan as modified, and attached hereto shall constitute the Plan submitted for confirmation by the Court.

5.      Deemed Acceptance of Plan as Modified. In accordance with section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, all holders of Claims who voted to accept the Plan or who are conclusively presumed to have accepted the Plan are deemed to have accepted the Plan as modified by the Plan Modifications. No holder of a Claim shall be permitted to change its vote as a consequence of the Plan Modifications.

6.      Plan Classifications Controlling. The classification of Claims and Interests for purposes of distributions made under the Plan shall be governed solely by the terms of the Plan. The classifications set forth on the Ballots tendered to or returned by the Creditors in connection with voting on the Plan (a) were set forth on the Ballots solely for purposes of voting to accept or reject the Plan, (b) do not necessarily represent, and in no event shall be deemed to modify or

otherwise affect, the actual classification of such Claims under the Plan for distribution purposes and (c) shall not be binding on the Wellman Parties.

7.      Resolution of the Objection of MEGlobal.  With regard to (i) the Objection (the "MEGlobal Plan Objection") of MEGlobal Americas Inc. ("MEGlobal") to the Debtors' Third Amended Plan of Reorganization (Docket No. 710), (ii) the Objection (the "MEGlobal Cure Objection") of MEGlobal to the Notice of the Debtors' Intent to Assume Certain Executory Contracts and Unexpired Leases (Docket No. 706), (iii) the Motion (the "MEGlobal 503(b)(9) Motion") for Allowance and Payment of an Administrative Expense Pursuant to Section 503(b)(9) of the Bankruptcy Code and for Relief from the Automatic Stay to Effectuate Setoff and Recoupment Rights (Docket No. 681) and (iv) the Debtors' Objection (the "Wellman Objection") to the MEGlobal 503(b)(9) Motion (Docket No. 696) notwithstanding anything to the contrary in the Plan, the exhibits to the Plan and/or the Confirmation Order and without further order of the Court:

(a)      The MEGlobal Plan Objection, the MEGlobal Cure Objection, the MEGlobal 503(b)(9) Motion and the Wellman Objection shall be amicably resolved and will be marked "settled."

(b)      Wellman's executed Third Amendment (currently held in escrow by counsel to Wellman, the "Third Amendment") to the Ethylene Glycol Sales Agreement between MEGlobal and Wellman (the "EGPG Contract") shall become effective upon the Effective Date.

(c)      In order to cure amounts owed under the existing EGPG Contract in the amount of $4,415,693.01 (the "MEGlobal Cure Claim"), upon the Effective Date MEGlobal shall be granted relief from the automatic stay to exercise its setoff and recoupment rights as set forth in the MEGlobal 503(b)(9) Motion.

(d)     The Debtors shall be authorized to assume and assign the EGPG Contract to its successor in accordance with the Plan and pursuant to this Order.

(e)     Assumption of the EGPG Contract shall constitute a waiver of any and all preference actions that may be asserted against MEGlobal in connection with the EGPG Contract.  In addition, the Debtors' waiver of all avoidance actions against MEGlobal as a condition to the assumption of the EGPG Contract and MEGlobal's willingness to continue to sell Di-Ethylene Glycol and other products to Wellman shall be approved.

(f)     MEGlobal shall be allowed an administrative claim pursuant to section 503(b)(9) of the Bankruptcy Code against Wellman in the amount of $4,415,693.01, which shall be deemed satisfied upon the satisfaction of the MEGlobal Cure Claim in the identical amount of $4,415,693.01.

(g)     MEGlobal and Wellman shall not be prohibited from asserting any claim arising post-petition out of the EGPG Contract or any other MEGlobal agreements unless specifically released or resolved as part of such agreements.

(h)     The provisions set forth in Article VIII of the Plan shall be ineffective as to MEGlobal to the extent they apply to the Debtors' non-debtor subsidiaries and/or affiliates.

(i)     Any post-petition Claims held by MEGlobal arising before the Effective Date shall not be discharged and shall be honored by the Debtors in the ordinary course of business notwithstanding the occurrence of the Effective Date; provided, however, that the Debtors reserve the right to evaluate and challenge the validity and/or amount of any such Claims.

(j)     MEGlobal shall not be prohibited from asserting a defense or counterclaim of any nature or kind, in defense of a cause of action or litigation of any kind initiated by or on behalf of the Debtors, the Debtors' estates, or the Reorganized Debtors after the Effective Date.

(k)     MEGlobal shall not be enjoined from asserting any post-petition setoff or recoupment rights it may hold under the EGPG Contract or otherwise.

(l)     Notwithstanding anything contained herein to the contrary (with the exception of the assumption of the EGPG Contract, which assumption shall survive the non-occurrence of the Effective Date) in the event the Effective Date of the Plan does not occur, MEGlobal and Wellman agree that all of MEGlobal's and Wellman's rights with respect to the MEGlobal Plan Objection, the MEGlobal Cure Objection (which shall include, but not be limited to, the right to request immediate payment of the asserted cure amount by setoff, recoupment or otherwise and any defenses to the foregoing), the MEGlobal 503(b)(9) Motion, the Wellman Objection and the Dow Plan Objection shall be unaffected by the entry of this Order and all parties' rights with respect thereto are expressly preserved.

8.      <u>Resolution of the Objection of the Dow Chemical Company</u>.  With regard to the Objection (the "Dow Plan Objection") of The Dow Chemical Company ("Dow") to the Debtors' Third Amended Plan of Reorganization (the "Plan") (Docket No. 707), notwithstanding anything to the contrary in the Plan, the exhibits to the Plan and/or the Order confirming the Plan, upon the Effective Date of the Plan and without further order of the Court:

(a)     On the later of the Effective Date or date on which the amount of such claim is allowed, the Debtors shall pay the sum of $6,706.52 to Dow, which represents the amount of the 503(b)(9) administrative claim filed by Dow.

(b)     The provisions set forth in Article VIII of the Plan shall be ineffective as to Dow to the extent they apply to the Debtors' non-debtor subsidiaries and/or affiliates.

(c)     Any post-petition Claims held by Dow arising before the Effective Date shall not be discharged and shall be honored by the Debtors in the ordinary course of business

notwithstanding the occurrence of the Effective Date; provided, however, that the Debtors reserve the right to evaluate and challenge the validity and/or amount of any such Claims.

(d)     Dow shall not be prohibited from asserting a defense or counterclaim of any nature or kind, in defense of a cause of action or litigation of any kind initiated by the Debtors, the Debtors' estates, or Reorganized Debtors after the Effective Date.

(e)     Dow shall not be enjoined from asserting any post-petition setoff or recoupment rights.

9.      Administrative Claim Bar Date.  Except as otherwise provided in Article II.B of the Plan, and except to the extent a claim constitutes a 503(b)(9) Administrative Claim, which was required to be filed by the 503(b)(9) Administrative Claim Bar Date, unless a request for the payment of an Administrative Claim previously was filed with the Bankruptcy Court, requests for payment of an Administrative Claim must be filed with the Bankruptcy Court and served on the Reorganized Debtors, pursuant to the procedures specified in this Confirmation Order and the notice of entry of this Confirmation Order, no later than 45 days after the Effective Date.  Any Holder of an Administrative Claim that is required to file and serve a request for payment of such Administrative Claim and that does not file and serve such a request within the time established by Article II.B of the Plan will be forever barred from asserting such Administrative Claim against any of the Wellman Parties or their respective property and such Administrative Claim will be deemed discharged as of the Effective Date.  Objections to such requests for payment of an Administrative Claim must be filed with the Bankruptcy Court and served on the Debtors or the Reorganized Debtors, as applicable, and the requesting party by the later of (A) 120 days after the Effective Date or (B) 60 days after the filing of the applicable request for payment of the Administrative Claims with the Bankruptcy Court.

10. <u>Rejection Claims and Rejection Bar Date</u>.  All proofs of Claim with respect to Claims arising from the rejection of Executory Contracts or Unexpired Leases, pursuant to the Plan or the Confirmation Order, if any, must be filed with the Bankruptcy Court within thirty (30) days after the filing of a notice rejecting such Executory Contract or Unexpired Lease (a "Rejection Notice").  Any Claims arising from the rejection of an Executory Contract or Unexpired Lease included in the Rejection Notice that is not filed with the Bankruptcy Court within such time will be forever barred from assertion against the Debtors or the Reorganized Debtors, their Estates, or their property.

11. <u>Operation as of the Effective Date</u>.  As of the Effective Date, unless otherwise provided in the Plan or this Confirmation Order, the Wellman Parties may operate their businesses and may use, acquire and dispose of property and settle and compromise Claims and Interests without supervision or approval by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or the Bankruptcy Rules and in all respects as if there were no pending cases under any chapter or provision of the Bankruptcy Code.

12. <u>Discharge of Debtors</u>.  Except as provided in the Plan, the Plan Supplement,  or this Confirmation Order, pursuant to section 1141(d)(1) of the Bankruptcy Code, (1) the rights afforded under the Plan and the treatment of all Claims and Interests shall be in exchange for and in complete satisfaction, discharge, settlement and release of such Claims and Interests of any nature whatsoever, including any interest accrued on such Claims from and after the Petition Date, against any Debtor or any of their assets or properties, (2) on the Effective Date, all such Claims against and Interests in any Debtor shall be satisfied, discharged and released in full and (3) all persons and entities shall be precluded from asserting against the Reorganized Debtors and their respective successors or their assets or properties any other or further such Claims or

Interests based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the **SMB 1/14/09 Confirmation Date** ~~Effective Date~~; provided, however, that nothing in the Plan or this Order shall discharge, release or satisfy any liabilities to a governmental entity of the Debtors, or Reorganized Debtors, as the case may be, arising after the Confirmation Date or that is not otherwise a claim within the meaning of section 101(5) of the Bankruptcy Code, nor shall the Plan or this Order preclude a governmental entity from asserting any such liabilities against the Reorganized Debtors and nothing in the Plan or this Order shall discharge, release or satisfy any liability to a governmental entity under applicable environmental laws that a Reorganized Debtor or any other Person or Entity may have as the owner or operator of real property on and after the Confirmation Date provided, further, however that any claim, obligation, suit, judgment, damages, demands, debts, rights, cause of action or liabilities related to section 29 U.S.C. 1362(e) that arose as a result of occurrences or events prior to the Confirmation Date of the Plan are hereby released by the PBGC and discharged under the Plan.

13.     Debtors' Injunction.     **SMB 1/14/09**  ~~All injunctions or stays provided for in the Chapter 11 Cases pursuant to sections 105 and/or 362 of the Bankruptcy Code or otherwise and in effect on the Confirmation Date, shall remain in full force and effect until the Effective Date~~. Subject to the occurrence of the Effective Date, this Confirmation Order permanently enjoins all Persons that have held, currently hold or may hold a Claim against or an Interest in the Debtors from taking any of the following actions based on such Claim or Interest, whether directly, indirectly, derivatively, contractually, statutorily or otherwise and other parties' rights to enforce the terms of the Plan: (a) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind against any or all of the Wellman

Parties, or their respective property or assets; (b) enforcing, levying, attaching, collecting or otherwise recovering in any manner or by any means, whether directly or indirectly, any judgment, award, decree or order against any or all of the Wellman Parties or their respective property or assets; (c) creating, perfecting or enforcing in any manner, directly or indirectly, any Lien against any or all of the Wellman Parties or their respective property or assets; **SMB 1/14/09 or** (d) exercising any setoff, right of subrogation or recoupment of any kind, directly or indirectly, against any debt, liability or obligation due to the Wellman Parties or their respective property, with the exception of paragraph 19 of this Order; provided, however, and notwithstanding anything to the contrary in the Plan or this Order, that Pee Dee Electric Cooperative, Inc. shall not be enjoined from asserting any setoff or recoupment rights it may hold  in accordance with applicable state law and/or its bylaws or other governing documents; **SMB 1/14/09** ~~or (e) proceeding in any manner in any place whatsoever that does not conform to or comply with or is inconsistent with the provisions of the Plan;~~ provided, however, that the terms of this injunction shall not prevent (a) **SMB 1/14/09 any Party** ~~Wellman Parties~~ from enforcing the terms of this Plan and (b) the Wellman Parties and other parties to or that are beneficiaries of, the Plan Supplement, from enforcing the terms of the Plan Supplement.

14.     Director and Officer Setoff.  The requirement to file a motion set forth in Article VIII, Section E, subclause 4 of the Plan is hereby waived as to officers and directors of the Debtors (current or former) (collectively, the "Directors and Officers") and the Directors and Officers shall retain the right to assert a right of setoff, subrogation, or recoupment on and after the Effective Date.

15.     Term of Injunction or Stays.  Unless otherwise provided in the Plan, any injunction or stay arising under or entered during the Chapter 11 Cases under sections 105 or 362

of the Bankruptcy Code or otherwise that is in existence on the Confirmation Date shall remain in full force and effect until the later of the Effective Date and the date indicated in the order providing for such injunction or stay.

16.     Exculpation.  The exculpations set forth in Article VIII.D. of the Plan are hereby approved and authorized and as such, except as otherwise specifically provided in the Plan or Plan Supplement, no Exculpated Party shall have or incur, and each Exculpated Party is hereby released and exculpated from any Exculpated Claim, obligation, cause of action, or liability for any Exculpated Claim, except for gross negligence or willful misconduct, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.  The Debtors, the Reorganized Debtors, and the Plan Sponsor (and each of their respective Affiliates, agents, directors, officers, employees, advisors, and attorneys) have, participated in compliance with the applicable provisions of the Bankruptcy Code with regard to the solicitation and distribution of the Securities pursuant to the Plan, including pursuant to the Plan Sponsorship Agreement, and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan, including pursuant to the Plan Sponsorship Agreement.

17.     Releases by the Debtors.  As provided for in Article VIII.B of the Plan, pursuant to section 1123(b) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan or the Plan Supplement, for good and valuable consideration, including the service of the Released Parties to facilitate the expeditious reorganization of the Debtors and the implementation of the restructuring contemplated by the Plan, on and after the Effective Date, the Released Parties are deemed released and discharged by the Debtors, the Reorganized

Debtors, and the Estates from any and all Claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative Claims, asserted on behalf of the Debtors, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that the Debtors, the Reorganized Debtors, the Estates, or their Affiliates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Chapter 11 Cases, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wellman Parties, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan and Disclosure Statement, or related agreements, instruments, or other documents, upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Confirmation Date, other than Claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes willful misconduct (including fraud) or gross negligence.

18.     Releases by Holders of Claims and Interests.  As provided for in Article VIII.C of the Plan, as of the Effective Date, each Holder of a Claim or an Interest shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, released and discharged the Debtors, the Reorganized Debtors, and the Released Parties from any and all Claims, Interests, obligations, rights, suits, damages, causes of action, remedies, and liabilities whatsoever, including any derivative Claims, asserted on behalf of a Debtor, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, that such Entity

would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' restructuring, the Debtors' Chapter 11 Cases, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wellman Parties, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan and the Disclosure Statement, the Plan Sponsorship Agreement, or related agreements, instruments, or other documents, upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Confirmation Date, other than Claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes willful misconduct (including fraud) or gross negligence. Notwithstanding anything to the contrary in the foregoing, the release set forth above does not release any post-Effective Date obligations of any party under the Plan or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

19.     <u>Eastman Litigation</u>.  Nothing in the Plan or this Confirmation Order shall in any way limit or impact (a) any setoff, recoupment or similar rights that Eastman may have relating to the Claims (which may include General Administrative Claims and/or General Unsecured Claims as applicable) arising from the Eastman Litigation and any proof of Claim filed by Eastman in these Chapter 11 Cases or (b) the full and final adjudication of the Eastman Litigation in the Delaware District Court, including Eastman's assertion, prosecution and/or litigation (including the conducting of discovery) of its counterclaims and defenses asserted in the Eastman Litigation, and the liquidation of all claims asserted by the parties in the Eastman

Litigation, with any Claims of Eastman against the Debtors arising out of the Eastman Litigation receiving the same treatment accorded to similarly situated Claims under the Plan or (c) any Claims or causes of action that Eastman may have relating to the Eastman Litigation or unrelated to the Debtors against any Released Party, other than, and only to the extent that such Claims or causes of action against any Released Party arose prior to the Confirmation Date with respect to the parties described in subparagraphs (c)(i) through (c)(iv) of this paragraph 19, (i) the Debtors, (ii) the Debtors' current and former officers and directors (acting in such capacity) that the Debtors had an obligation to indemnify at the time the Claims or causes of action arose, (iii) Wellman Holdings, and (iv) the Reorganized Debtors.

20. <u>Workers Compensation</u>. Reorganized Wellman intends to continue to honor its workers' compensation obligations, including any North Carolina self-insured workers compensation claims, going forward.

21. <u>The Amended BP Agreement</u>. The Amended BP Agreement shall become effective on the Effective Date and after the Assumed BP Contracts are assumed by the Debtors. The Debtors' assumption of the Assumed BP Contracts constitutes a waiver of any and all preference actions that may be asserted against BP, which waiver is hereby approved. Notwithstanding anything to the contrary contained herein or in the Plan, on the day after the Effective Date, the Reorganized Debtors are authorized and directed to pay to BP the Initial Cure Payment (as defined in the Amended BP Agreement) and thereafter the Reorganized Debtors are authorized and directed to pay to BP the Remaining Cure Payment (as defined in the Amended BP Agreement) under the terms set forth in the Amended BP Agreement.

22. **SMB 1/14/09** ~~Ownership and Control. The consummation of the Plan shall not, unless the Debtors expressly agree in writing, constitute a change of ownership or change in~~

control, as such terms are used in any statute, regulation, contract or agreement (including, but not limited to, any agreements assumed by the Debtors pursuant to the Plan or otherwise and any agreements related to employment, severance or termination agreements or insurance agreements) in effect on the Effective Date and to which the Debtors are a party.

23.     DIP Facility Matters; Secured Claims.

(a)     On the Effective Date, or as soon thereafter as reasonably practicable, unless otherwise agreed to by the DIP Lenders pursuant to the DIP Facility, Allowed DIP Facility Claims will be paid in Cash in amounts equal to the amount of such Allowed DIP Facility Claims.  The DIP Facility Claims as of the Effective Date shall be Allowed in an amount to be agreed upon by the Debtors and the DIP Lenders not less than five (5) days prior to the Effective Date.  Holders of DIP Facility Claims shall not be required to file or serve any request for payment of such Claims.  The Allowed Amount of such claims shall be subject to reasonable review by the Plan Sponsor.

(b)     Except as otherwise provided in the Plan or in any contract, instrument, release or other agreement or document entered into or delivered in connection with the Plan, on the Effective Date and concurrently with the applicable Distributions made to Holders of Allowed DIP Facility Claims, all Liens, other security interests or Claims on account of guarantees of such indebtedness against the property of any Estate related to such Claims (except for Claims that are Reinstated) will be fully released and discharged, and all of the right, title and interest of any holder of such Liens, other security interests or Claims on account of guarantees of such indebtedness, including any rights to any collateral thereunder, will revert to the applicable Reorganized Debtor and its successors and assigns.

(c)     As a condition to the receipt of Distributions under the Plan, Holders of Allowed DIP Facility Claims, First Lien Term Loan Claims, and Second Lien Term Loan Claims shall be required to deliver all documents necessary to effectuate the release of the Liens securing such Claims.  Pursuant to Article 9 of the Uniform Commercial Code, all Holders of Allowed DIP Facility Claims, First Lien Term Loan Claims, and Second Lien Term Loan Claims are deemed to have appointed the Debtors as their respective agents with authority to make the relevant filings required by the Uniform Commercial Code or other filings necessary to cause the release of such Liens and security interests of record.

24.     Effectiveness of All Actions.     **SMB 1/14/09**  ~~All actions authorized to be taken pursuant to the Plan shall be effective on, prior to or after the Effective Date pursuant to this Confirmation Order,~~     **The Debtor and Reorganized Debtors are authorized to take all actions necessary to consummate the Plan,**   without further application to, or order of the Court, or further action by the respective officers, directors, members or stockholders of the Wellman Parties and with the effect that such actions had been taken by unanimous action of such officers, directors, members or stockholders.

25.     Plan and Confirmation Order Mutually Dependent.  The provisions of this Confirmation Order and the provisions of the Plan are hereby deemed nonseverable and mutually dependent.

26.     Confirmation Order Supercedes.  It is hereby ordered that this Confirmation Order shall supercede any Bankruptcy Court orders issued prior to the Confirmation Date that may be inconsistent with this Confirmation Order.

27.     Notice of Entry of Confirmation Order.  Pursuant to Bankruptcy Rules 2002(f)(7), 2002(k) and 3020(c), the Reorganized Debtors shall file and serve notice of entry of this

Confirmation Order in substantially the form annexed hereto as Exhibit B (the "Notice of Confirmation") on all holders of Claims and Interests, the United States Trustee for the Southern District of New York, the attorneys for the Creditors' Committee and other parties in interest by causing the Notice of Confirmation to be delivered to such parties by first-class mail, postage prepaid, within 10 business days after entry of this Confirmation Order. The Notice of Confirmation shall also be published in the *The Charlotte Observer*, *The Wall Street Journal*, and the *USA Today* and posted electronically at www.kccllc.net/wellman.  Such notice is adequate under the particular circumstances and no other or further notice is necessary.  The form of Notice of Confirmation substantially in the form annexed hereto as Exhibit B is approved.

      28.    <u>Notice of Effective Date</u>.  Pursuant to Bankruptcy Rules 2002(f)(7), 2002(k) and 3020(c), the Reorganized Debtors shall file and serve notice of the Effective Date in substantially the form annexed hereto as Exhibit C (the "Notice of Effective Date") on all holders of Claims and Interests, the United States Trustee for the Southern District of New York, the attorneys for the Creditors' Committee and other parties in interest by causing the Notice of the Effective Date to be delivered to such parties by first-class mail, postage prepaid, within 10 business days after the Effective Date. The Notice of Effective Date shall also be published in the *The Charlotte Observer*, *The Wall Street Journal*, and the *USA Today* and posted electronically at www.kccllc.net/wellman.  Such notice is adequate under the particular circumstances and no other or further notice is necessary.  The form of Notice of Effective Date substantially in the form annexed hereto as Exhibit C is approved.  The Notice of Effective Date shall also serve as the notice setting forth the Administrative Claim Bar Date.

29. **SMB 1/14/09** ~~Substantial Consummation. On the Effective Date, the Plan shall be deemed to be substantially consummated under sections 1101 and 1127(b) of the Bankruptcy Code~~.

30. <u>Recording</u>. The Debtors and the Reorganized Debtors are hereby authorized to deliver a notice or short form of this Confirmation Order, with the Plan attached, to any state or local recording officer, and such officer must accept for filing such documents or instruments without charging any stamp tax, **SMB 1/14/09 or similar tax.** ~~recording tax, personal property transfer tax, mortgage or other similar tax~~. Such notice (a) shall have the effect of an Order of this Court, (b) shall constitute sufficient notice of the entry of this Confirmation Order to such filing and recording officers and (c) shall be a reasonable instrument notwithstanding any contrary provision of non-bankruptcy law. The Bankruptcy Court specifically retains jurisdiction to enforce the foregoing direction, by contempt or otherwise.

31. <u>Findings of Fact</u>. The determinations, findings, judgments, decrees and orders set forth and incorporated herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. Each finding of fact set forth or incorporated herein, to the extent it is or may be deemed a conclusion of law, shall also constitute a conclusion of law. Each conclusion of law set forth or incorporated herein, to the extent it is or may be deemed a finding of fact, shall also constitute a finding of fact.

32. <u>Conflicts Between Confirmation Order and Plan</u>. The provisions of the Plan and of this Confirmation Order shall be construed in a manner consistent with each other so as to effect the purposes of each; provided, however, that if there is determined to be any inconsistency between any Plan provision and any provision of this Confirmation Order that

cannot be so reconciled, then, solely to the extent of such inconsistency, the provisions of this Confirmation Order shall govern and any such provision of this Confirmation Order shall be deemed a modification of the Plan and shall control and take precedence.

33.     <u>Final Order</u>.  This Confirmation Order is a final order and the period in which an appeal must be filed shall commence upon the entry hereof.

34.     Effectiveness of Order.  In accordance with Bankruptcy Rules 3020(e), 6004(h)

and 6006(d) (and notwithstanding any other provision of the Bankruptcy Code or the Bankruptcy

Rules), this Confirmation Order shall not be stayed and shall be effective immediately upon its

entry.  This Confirmation Order is and shall be deemed to be a separate order with respect to

each Debtor for all purposes.

**SMB 1/14/09**

**35.     Notwithstanding anything to the contrary in this Order, the Plan or the Plan**

**Supplement,**

    **a)  no release, exculpation, exoneration or injunction granted therein shall affect a claim that arises after the Confirmation Date;**

    **b)  the Debtors' last day to assume or reject an executory contract or unexpired lease shall be the Confirmation Date, and any assumption or rejection under the Plan or Plan Supplement which states that it shall occur on or by the Effective Date shall be deemed to have occurred on the Confirmation Date.**


Dated:  January 14, 2009
      New York, New York

                    **/s/  STUART M. BERNSTEIN**

**Issued at: 9:30 a.m.**             UNITED STATES BANKRUPTCY JUDGE