Jonathan S. Henes (JH 1979)
Michael A. Cohen (MC 1277)
KIRKLAND & ELLIS LLP
Citigroup Center
601 Lexington Avenue
New York, New York 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

*Attorneys for the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| WELLMAN, INC., *et al.*,[1] | ) Case No. 08-10595 (SMB) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) |

**NOTICE OF PRESENTMENT OF THE STIPULATION**
**AND ORDER APPROVING THE SETTLEMENT BETWEEN WELLMAN INC.,**
**AMERICAN NONWOVENS CORPORATION AND DONALD R. DEPRIEST**

PLEASE TAKE NOTICE that Wellman will present the Stipulation and Order Approving the Settlement Between Wellman Inc., American Nonwovens Corporation and Donald R. DePriest (the "Stipulation"), before the Honorable Stuart M. Bernstein, Chief Judge of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), in Room 723, One Bowling Green, New York, New York, for signature on **July 16, 2009 at 12:00 p.m.** (ET).

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Stipulation must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the

---

[1] The Debtors in these cases include: Wellman, Inc; Wellman Fibres Ltd.; MRF, Inc., Prince, Inc.; Warehouse Associates Inc.; Carpet Recycling of Georgia Inc.; Wellman of Mississippi, Inc.; Fiber Industries, Inc.; ALG, Inc.; Josdav, Inc.; PTA Resources LLC; and MED Resins, Inc.

"Bankruptcy Rules") and the Local Rules for the United States Bankruptcy Court Southern District of New York (the "Local Bankruptcy Rules"), and shall be filed with the Bankruptcy Court electronically by registered users of the Bankruptcy Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties in interest, on a 3.5 inch disk, in text-searchable Portable Document Format (PDF), Wordperfect or any other Windows-based word processing format (in either case, with a hard-copy delivered directly to Chambers), and shall be served upon (a) Wellman and its counsel, (b) the Office of the United States Trustee for the Southern District of New York, (c) counsel for the agent for the Debtors' secured prepetition lenders, (d) counsel for the agent for the Debtors' secured postpetition lenders, (e) counsel for the informal group of first lien holders, (f) counsel for the informal group of second lien holders, (g) counsel to the official committee of unsecured creditors, (h) counsel for American Nonwovens Corporation, (i) counsel for David R. DePriest, (j) the parties in interest who formally request notice by filing a written request for notice, pursuant to Bankruptcy Rule 2002 and the Local Bankruptcy Rules, with the Clerk of the Court and serving such notice on the Debtors and their counsel and (k) the government agencies required to receive notice of proceedings under the Bankruptcy Rules and the Local Bankruptcy Rules, so as to be actually received **no later than July 16, 2009 at 11:00 a.m.** (ET).

PLEASE TAKE FURTHER NOTICE that, if a written objection is timely filed and received by the parties set forth above, the Court will notify the parties of the date and time of the hearing to consider the Stipulation. The parties are required to attend such hearing, and failure to attend in person or by counsel may result in relief being granted or denied upon default.

PLEASE TAKE FURTHER NOTICE that, if no written objection to the Stipulation has been properly filed and served by the Objection Deadline, the Bankruptcy Court may approve the Stipulation without a hearing.

Dated:   New York, New York      Respectfully submitted,
       July 6, 2009

/s/ Jonathan S. Henes
Jonathan S. Henes (JH 1979)
Michael A. Cohen (MC 1277)
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

*Attorneys for the Debtors*
*and Debtors in Possession*

Jonathan S. Henes (JH 1979)
Michael A. Cohen (MC 1277)
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

*Attorneys for the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| WELLMAN, INC., *et al.*,[1] | ) Case No. 08-10595 (SMB) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) |

**STIPULATION AND ORDER APPROVING**
**THE SETTLEMENT BETWEEN THE WELLMAN, INC.,**
**AMERICAN NONWOVENS CORPORATION AND DONALD R. DEPRIEST**

Wellman, Inc. and certain of its affiliates, as debtors and debtors in possession in the above-captioned cases (collectively, "Wellman" or the "Debtors") and American Nonwovens Corporation ("ANC") and Donald R. DePriest ("DePriest") (Debtors, ANC and DePriest are collectively referred to as the "Parties") by and through their respective undersigned counsel, hereby enter into this Stipulation and Order (the "Stipulation") and stipulate and agree as follows:

WHEREAS, on February 22, 2008 (the "Petition Date"), the Debtors commenced the above captioned chapter 11 cases;

---

[1] The Debtors in these cases include: Wellman, Inc; Wellman Fibres Ltd.; MRF, Inc.; Prince, Inc.; Warehouse Associates Inc.; Carpet Recycling of Georgia Inc.; Wellman of Mississippi, Inc.; Fiber Industries, Inc.; ALG, Inc.; Josdav, Inc.; PTA Resources LLC; and MED Resins, Inc.

WHEREAS, on March 10, 2008, the Office of the United States Trustee formed the statutory committee of unsecured creditors;

WHEREAS, the Debtors continue to operate businesses and manage properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, there were certain disputes and disagreements between the Parties, with such disputes being set forth in the Mecklenburg County Civil Action No. 07-CVS-24088 filed on or about December 5, 2007 (the "Lawsuit");

WHEREAS, Wellman alleged in the Lawsuit that ANC had defaulted on a note to Wellman and failed to pay for goods delivered by Wellman, which resulted in damages to Wellman in an amount of at least $750,000.00;

WHEREAS, Wellman also alleged in the Lawsuit that DePriest had breached a guarantee agreement with Wellman, which resulted in damages to Wellman in an amount of at least $100,000.00;

WHEREAS, ANC and DePriest denied liability to Wellman;

WHEREAS, the Parties believed that there were genuine disputes as to what amounts, if any, should be applied to pay down the amount owed under DePriest's guarantee agreement with Wellman;

WHEREAS, the Parties wish to forgo the expense of future litigation by entering into a settlement agreement, dated January 26, 2009 (the "Settlement Agreement"), a copy of which is annexed hereto as Exhibit A;[2]

WHEREAS, in support of this Stipulation, the Debtors submit the Declaration of Frederick M. Thurman Jr., attorney for the Debtors, attached hereto as Exhibit B; and

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Settlement Agreement.

WHEREAS, the Parties have engaged in extensive, arm's-length negotiations to resolve any claims owed by and between the Parties in connection with the Lawsuit.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and between the Parties to this Stipulation, through their undersigned counsel, that:

1.      Pursuant to this Stipulation, the Parties request that the Bankruptcy Court approve the Settlement Agreement.

2.      Pursuant to the terms of the Settlement Agreement, DePriest has deposited $45,000.00 into a trust account for the benefit of Wellman, and ANC shall sign a confession of judgment for the sum of $980,000.00.

3.      Within three (3) business days of entry of the Bankruptcy Court's entry of the Order approving this Stipulation, subject to the terms contained in the Settlement Agreement, Wellman shall sign and cause to be filed a stipulation of dismissal with prejudice of the Lawsuit.

4.      Each person who executes this Stipulation represents that he or she is counsel for his or her respective client(s) and has the requisite authority to execute this document on behalf of his or her client(s).

5.      This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies or facsimiles signed by the Parties hereto be charged.

6.      Notice of this Stipulation, provided in accordance with the terms of the annexed Notice of Presentment, shall constitute proper, timely, adequate and sufficient notice of this Stipulation and its terms, and no further notice need be provided.

7.     The Bankruptcy Court shall retain jurisdiction to hear any disputes relating

to or arising from this Stipulation.

8.     This Stipulation is expressly subject to approval of the Bankruptcy Court,

without which this Stipulation shall be deemed null and void and without force or effect.

Dated: New York, New York
       July 6, 2009

**KIRKLAND & ELLIS LLP**

/s/ Jonathan S. Henes
Jonathan S. Henes (JH 1979)
Michael A. Cohen (MC 1277)
Citigroup Center
601 Lexington Avenue
New York, New York  10022-4611
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

*Attorneys for the Debtors
and Debtors in Possession*

**RAYBURN COOPER & DURHAM, P.A.**

/s/ Daniel J. Finegan
Daniel J. Finegan
227 West Trade Street
Suite 1200
Charlotte, North Carolina 28202-1672
Telephone:     (704) 334-0891
Facsimile:     (704) 377-1897

*Counsel for American Nonwovens Corporation
and David R. DePriest*


**THIS STIPULATION IS SO ORDERED THIS**
**_____ DAY OF _____, 2009**

_____

UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

## Settlement Agreement

## SETTLEMENT AGREEMENT AND PARTIAL MUTUAL RELEASE

THIS SETTLEMENT AGREEMENT AND PARTIAL MUTUAL RELEASE ("Agreement") is made and entered into this 2½th day of October, 2008, by and between Wellman, Inc., (hereinafter "Wellman"); American Nonwovens Corporation (hereinafter "ANC"); and Donald R. DePriest (hereinafter "DePriest") (Wellman and ANC and DePriest are collectively referred to as the "Parties").

WHEREAS, certain disputes and disagreements have arisen between the Parties, such disputes being set forth in Mecklenburg County Civil Action No. 07-CVS-24088 filed on or about December 5, 2007, (the "Action"); and

WHEREAS, the Parties wish to forgo the expense of further litigation and reduce their rights and obligations as to each other to those rights and obligations as set forth herein; and

WHEREAS, the Parties have agreed to a resolution of all disputes, claims, and disagreements with respect to said Action, and all other matters between the Parties, as provided herein below:

NOW, THEREFORE, in consideration of the mutual agreements contained herein below, the Parties hereby agree as follows:

1. <u>Payment; Report to Trial Judge.</u> Prior to or immediately upon execution of this Agreement by all Parties, DePriest hereby agrees to deposit the amount of $45,000.00 (Forty-Five Thousand Dollars), in good funds, (the "Settlement Payment") into the trust account of his counsel, Rayburn, Cooper & Durham, P.A., to be held in trust for the benefit of Wellman pursuant to the terms of this Agreement. Upon the foregoing deposit, Wellman shall cause its counsel to report to the Trial Judge in the Action that the Action has been settled, pending Bankruptcy Court approval. Within three (3) business days of entry of the Stipulated Order, described in paragraph 4, below, DePriest shall cause his counsel to pay the Settlement Payment to Wellman.

2. <u>ANC Confession of Judgment.</u> ANC shall sign a Confession of Judgment for the principal sum of $980,000.00 substantially in the form attached hereto as <u>Exhibit A</u> (the "Confession of Judgment"), which may be filed in this action immediately upon entry of the Stipulated Order, described in paragraph 4, below. Wellman expressly acknowledges that the Confession of Judgment is signed by and applicable only to ANC and has no effect on DePriest's purported liability in relation to any guaranty signed by him for any amounts alleged as owed by ANC or DePriest in the Action.

3. <u>Dismissal of the Action.</u> Within three (3) business days of entry of the Stipulated Order, described in paragraph 4, below, and after filing by Wellman of Confession of Judgment and the payment from DePriest's counsel to Wellman referred to hereinabove, counsel for Wellman shall sign and cause to be filed a stipulation of dismissal with prejudice of the Action as to DePriest, each party to bear its own costs and fees.

4.     Bankruptcy Court Approval.  The Parties agree that each party's obligations as described herein are contingent upon approval of this Agreement by the Bankruptcy Court for the Southern District of New York, which is currently presiding over Wellman's pending Chapter 11 bankruptcy proceedings.  Upon execution of this Agreement by all Parties, and the deposit of the Settlement Payment with DePriest's counsel, described in paragraph 1, above, Wellman will file a stipulation with the Bankruptcy Court seeking an order from the Bankruptcy Court approving this Agreement and authorizing Wellman to execute any documents necessary to implement this Agreement (the "Stipulated Order").  If the Bankruptcy Court does not enter the Stipulated Order, this Agreement shall be null and void and shall have no evidentiary or other legal effect.  Wellman shall use its best efforts to obtain entry of the Stipulated Order.

5.     Release by Wellman.  Wellman, as well as its predecessors, successors, legal representatives, assigns, agents, and any other third parties, hereby agrees to forever release and discharge DePriest, as well as his respective predecessors, successors, subsidiaries, present and former affiliates, and their respective owners, officers, and directors, employees, managers, members, legal representatives, assigns, agents, and any other third parties from any and all claims, judgments, demands, causes of action, debts, sums of money, suits, actions, and controversies arising from any amounts alleged as owed for goods ordered from Wellman or delivered to ANC, or as a direct or indirect result of any promissory note or guaranty which ANC or DePriest may have entered into with Wellman, or arising out of or relating in any manner to the facts and allegations underlying the Action.  Notwithstanding the above, this Release does not apply to ANC.

6.     Release by DePriest.  DePriest, as well as his predecessors, successors, legal representatives, assigns, agents, and any other third parties, hereby agrees to forever release and discharge Wellman, as well as its respective predecessors, successors, subsidiaries, present and former affiliates, and their respective owners, officers, and directors, employees, managers, members, legal representatives, assigns, agents, and any other third parties from any and all claims, judgments, demands, causes of action, debts, sums of money, suits, actions, and controversies arising from any amounts alleged as owed for goods ordered from Wellman or delivered to ANC, or as a direct or indirect result of any promissory note or guaranty which ANC or DePriest may have entered into with Wellman, or arising out of or relating in any manner to the facts and allegations underlying the Action.

7.     Confidentiality.  The Parties agree that their settlement and the terms and conditions of this Agreement shall be considered and kept confidential and are not be divulged to any person, firm, corporation, or other entity, except as set forth herein as necessary for obtaining Bankruptcy Court approval and for the filing of the Confession of Judgment, or on the direct, written authorization of the other parties.  The parties may disclose the terms of the settlement and the contents of this document as necessary to determine their respective tax liability or to comply with tax reporting laws.  The parties further agree not to disclose this document, its contents, or its subject matter to any person other than to their lawyers, accountants, spouses, income tax preparers, or the executor(s) of that party's will, except pursuant to written authorization by the other parties or as compelled by law or a court of competent jurisdiction.  This Agreement may be used as evidence in any subsequent proceeding alleging a breach of this Agreement.

8.     Binding Effect.  This Agreement shall be binding and inure to the benefit of not only

the parties hereto, but also upon the following:

a. For individuals: upon their heirs, administrators, executors, agents, successors, and assigns; and

b. For corporations: upon its officers, directors, shareholders, agents, successors, and assigns.

9. <u>Warrant of Authority</u>. The Parties agree that the terms of this Agreement are contractual and not a mere recital, and represent that they have full and complete authority to covenant and agree as herein provided, and further represent and warrant that their undersigned officers, directors, managers, members, and other representatives have full and complete authority to execute this Agreement.

10. <u>Not an Admission</u>. The Parties hereby agree that by paying the consideration described hereinabove and complying with the terms herein, none of the parties are deemed or construed to admit liability or responsibility for any claim or default heretofore alleged by the other party.

11. <u>Entire Agreement</u>. All Parties have had the opportunity to be fully and completely represented by counsel of their own choosing in the negotiation and drafting of this Agreement. This Agreement contains the Parties' entire agreement and understanding regarding the matters stated herein, and no statements, promises, or inducements by the parties which are not contained herein shall be valid or binding. This Agreement may only be modified in a writing signed by all parties.

12. <u>Costs and Attorneys' Fees</u>. Each party to this Agreement shall be responsible for and shall pay its own costs incurred in connection with the dispute herein, including all attorneys' fees.

13. <u>Governing Law</u>. This Agreement will be interpreted and enforced in accordance with the laws of the State of North Carolina.

14. <u>Headings.</u> The descriptive section headings herein have been inserted for convenience only and shall not be deemed to limit or otherwise affect the construction of any of the provisions of this Agreement.

15. <u>Participation in Drafting.</u> Each Party represents and warrants that it has participated in the drafting and preparation of this Agreement. In any construction of this Agreement, the Agreement shall not be construed for or against any Party, but the same shall be construed fairly according to its plain meaning.

16. <u>Validity, Enforceability, and Severability</u>. The Parties hereto agree that each and every provision of this Agreement is reasonably necessary for the protection of the rights and interests of the Parties. However, should any provision of this Agreement (not limited to paragraphs, but also subparagraphs, clauses, and sentences thereof) be found to be invalid, illegal, or unenforceable, or for any reason cease to be binding on the Parties hereto, all other portions and provisions of this Agreement shall, nevertheless, remain in full force and effect.

17.     Execution.  This Agreement may be executed in counterparts.  The Parties hereto may sign separate signature pages.  Each separate signature page shall be affixed to the originals of this Agreement and shall constitute one agreement binding on all of the signatories hereto not withstanding that the signatories are not signing the same page.

IN WITNESS WHEREOF, the parties have executed this Agreement, all as of the day and year first written above.

**[REMAINDER OF PAGE LEFT BLANK – SIGNATURE PAGES FOLLOW]**

Wellman, Inc.,

By: _Dominic D. Russo_ (SEAL)

Its: _CORPORATE CREDIT MANAGER_

Sworn to and subscribed before me
this ~~26~~ day of ~~October, 2008.~~
~~January, 2009~~

_George R. Ledbetter_
Notary Public
My Commission expires: _September 5, 2013_

The said _Dominic D. Russo_

X   Is personally known to me; or
___   Has provided _____
     as identification.

**GEORGE R. LEDBETTER**
**Notary Public, Mecklenburg County, NC**
**My Commission Expires September 5, 2013**

American Nonwovens Corp.,

By: _Belinda Hudson_ (SEAL)

   Belinda Hudson

Its:    Secretary & Treasurer


Sworn to and subscribed before me
this 12 day of December, 2008.

_____
Notary Public
My Commission expires: **3 / 8 / 11**


The said Belinda Hudson,

   X   Is personally known to me; or
   ___ Has provided _____
       as identification.

_____ (SEAL)
Donald R. DePriest, Individually

Sworn to and subscribed before me
this 11th day of December, 2008.

_____
Notary Public
My Commission expires: _____

The said Donald R. DePriest,

✓    Is personally known to me; or
___   Has provided _____
       as identification.

# Exhibit A

{00158470 v 1}

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

WELLMAN, INC.,

        Plaintiff,

  vs.

AMERICAN NONWOVENS CORPORATION
and DONALD R. DePRIEST, individually,

        Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
07-CVS-24088


**JUDGMENT**

The undersigned Defendant, American Nonwovens Corporation, hereby makes this statement pursuant to the authority and provisions of N.C. Gen. Stat. § 1A-1 and Rule 68.1 of the North Carolina Rules of Civil Procedure:

    1.    Plaintiff Wellman, Inc., is a Delaware corporation with a place of business in Mecklenburg County, North Carolina, and as such resides in Mecklenburg County, North Carolina.

    2.    Defendant American Nonwovens Corporation is a Mississippi Corporation with a place of business in the city of Columbus, Lowndes County, Mississippi.

    3.    Defendant is liable to the Plaintiff for money owed for goods provided in the total amount of $980,000.00.

    4.    Defendant hereby confesses and authorizes the entry of judgment by the Mecklenburg County Clerk of Superior Court in favor of Plaintiff in the amount of $980,000.00 as of October 13, 2008, plus interest at the legal rate per annum from the date the Judgment by Confession is entered till the Judgment by Confession is satisfied in full.

5.     This statement authorizing judgment by confession against Defendant may be entered as a Judgment of the Court on the records in the office of the clerk of Superior Court of Mecklenburg County, North Carolina.

6.     This statement authorizing judgment by confession shall inure to the benefit of and is binding upon each of the parties hereto, and their legal representatives successors, or assigns, and may without order of the Clerk or any action whatsoever, be recorded and re-recorded as provided herein, without notice to Defendant herein, or to any of Defendant's legal representatives, successors or assigns.

This the _1st_ day of ~~November~~ December, 2008.

American Nonwovens Corporation

By: _Belinda Hudson_

Belinda Hudson

Its: Secretary & Treasurer

STATE OF ~~NORTH CAROLINA~~ *Mississippi*                    **VERIFICATION**

COUNTY OF ~~MECKLENBURG~~ *Lauderdale*

    BELINDA HUDSON, for an on behalf of AMERICAN NONWOVENS CORPORATION, being first duly sworn, deposes and says that American Nonwovens Corporation is a Defendant and Judgment Debtor in the above-referenced case; that she is an officer of American Nonwovens Corporation; that she has read the foregoing Judgment and knows the contents thereof; and that the same is true of her own knowledge.

    This the _1st_ day of ~~November~~ *December*, 2008.

BY: _Belinda Hudson_

    BELINDA HUDSON

Sworn to and subscribed before me
this _1st_ day of ~~November~~ *December*, 2008.

_____
Notary Public
My Commission expires: _3/8/11_

The said Belinda Hudson:

_X_  Is personally known to me; or
___  Has provided _____
    as identification.

_____

    Upon the foregoing confession of judgment, it is hereby ordered, adjudged, and decreed that Plaintiff have and recover of Defendant the sum of $980,000.00 and costs.

    This the ___ day of _____, 2008.

_____
Clerk of Superior Court

## EXHIBIT B

**Frederick M. Thurman Jr. Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| WELLMAN, INC., *et al.*,[1] | ) Case No. 08-10595 (SMB) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) |

### DECLARATION OF FREDERICK M. THURMAN JR. IN SUPPORT OF THE STIPULATION AND ORDER APPROVING THE SETTLEMENT BETWEEN WELLMAN INC., AMERICAN NONWOVENS CORPORATION AND DONALD R. DEPRIEST

The undersigned, Frederick M. Thurman Jr., hereby declares, under penalties of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:[2]

1.      I am over the age of 18 and competent to testify.  I am an attorney with the law firm of Shumaker, Loop & Kendrick, LLP, and I serve as an attorney for the above-captioned debtors and debtors in possession (collectively, the "Debtors").  In this capacity, I am responsible for providing legal counsel to the Debtors, which includes legal settlements. .

2.      I am familiar with the terms of the *Stipulation and Order Approving the Settlement Between Wellman Inc., American Nonwovens Corporation and Donald R. DePriest* (the "Stipulation"*)* [Docket No. 834], and I am authorized to submit this declaration (the "Declaration") in support of the Stipulation.

---

[1]    The Debtors in these cases include: Wellman, Inc; Wellman Fibres Ltd.; MRF, Inc.; Prince, Inc.; Warehouse Associates Inc.; Carpet Recycling of Georgia Inc.; Wellman of Mississippi, Inc.; Fiber Industries, Inc.; ALG, Inc.; Josdav, Inc.; PTA Resources LLC; and MED Resins, Inc.

[2]    Capitalized terms used, but not defined, herein shall have the meaning ascribed to them in the Stipulation.

3.     On or about December 5, 2007, Wellman filed a lawsuit in Mecklenburg County, North Carolina, against American Nonwovens Corporation ("ANC") and Ronald R. DePriest ("DePriest"), one of ANC's principals.

4.     In the lawsuit, Wellman alleged that ANC had defaulted on a note to Wellman and had failed to pay for goods delivered by Wellman, causing Wellman damages in excess of $750,000.00.

5.     As part of the settlement the subject of the Stipulation, ANC has executed a Confession of Judgment in favor of Wellman in the amount of $980,000.00.

6.     Also in the lawsuit, Wellman alleged that DePriest had breached a guarantee agreement, causing Wellman damages in excess of $100,000.00. There were significant disputes of fact regarding the actual amount allegedly owed by DePriest.

7.     As part of the settlement the subject of the Stipulation, DePriest has paid into trust in favor of Wellman the sum of $45,000.00.

8.     I believe the Stipulation reflects a settlement made at arm's length, in good faith, that benefits the Debtors' estates. Accordingly, I submit that this Declaration and the Stipulation meet the requirements of Bankruptcy Rule 9019.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 29, 2009

/s/ *Frederick M. Thurman, Jr.*
Name: Frederick M. Thurman Jr.
Title:   Attorney for the Debtors
            Shumaker, Loop & Kendrick, LLP,

2